In the Matter of GEORGE D. ZAHM, an Attorney, Respondent.

First Department, July 6, 1925.

Attorney and client — disciplinary proceedings — attorney censured for failing to pay out client's money for purpose for which he received it.

An attorney at law is censured for failure to pay to another attorney, who resided in New Jersey, money which a client had given to him as a retaining fee to be paid the other attorney.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

*Myer Nussbaum,* for the respondent.

CLARKE, P. J.:

The respondent was admitted to the bar at the November, 1901, term of the Appellate Division in the Fourth Department and was practicing in this department at the time of the acts complained of. The charge of misconduct as an attorney at law is stated in the petition as follows:

In August, 1922, he sent to Frank H. Pierce, an attorney in Boonton, N. J., a claim of his client, National Railway Time Service Company of Chicago, Ill., against the estate of Charles A. Cummings. On September 6, 1923, after proof of claim, properly executed by the client, in the amount of $2,158.38 had been filed

by Mr. Pierce with the attorney for the administratrix, Mr. Pierce advised respondent that it would be necessary to bring suit to recover on this claim, and requested an advance of fifty dollars on account of costs and disbursements, also a full itemized account.

On October 8, 1923, the National Railway Time Service Company, in response to respondent's request, forwarded to him an itemized statement of the account and fifty dollars to be used by him for the sole purpose of forwarding the same to Mr. Pierce in accordance with the latter's request. Respondent failed to send this statement and the fifty dollars to Mr. Pierce, although Mr. Pierce wrote to him frequently in reference to the matter and although he also advised him that it would be necessary to bring suit within three months from December 20, 1923.

In March, 1924, Mr. Pierce wrote the National Railway Time Service Company advising them of the time within which suit on their claim must be brought and also calling their attention to the fact that he had not received the fifty dollars as requested by him the previous September. The company replied that they had sent respondent the fifty dollars demanded in October, 1923. The client thereafter forwarded fifty dollars direct to Mr. Pierce, together with an itemized account, and authorized him to bring suit, which he did.

Demand has been made upon the respondent for repayment of the fifty dollars received by him, as aforesaid, but he failed to repay this sum and has converted the same to his own use.

The respondent has interposed a voluminous answer containing the entire correspondence between the parties, admitting the facts as stated, and submitting an elaborate explanation. It is unnecessary, therefore, to send the matter to a reference. The explanation in brief is, that the National Railway Time Service Company of Chicago had been for some time a client of the respondent. It had a claim against A. C. Cummings of Boonton, N. J., who had recently died. The respondent, finding the name of Mr. Pierce in a lawyers' list as practicing in Boonton, N. J., wrote to him for information respecting the estate, if any, that Mr. Cummings had left, whether an administratrix had been appointed, the prospects of collection and the advisability of instituting proceedings. The correspondence extended over a considerable period, resulting finally in a letter dated September 6, 1923, from Mr. Pierce to the respondent: " I have not been able to get any satisfaction from the administratrix. James V. Beam, her attorney, tells me that he has advised the administratrix to give notice that the claim was rejected, so that I can be in a position to sue. He tells me that the administratrix is unwilling to allow the claim. There

is nothing, therefore, to do but to enter suit upon it. As the claim is in excess of $500 (in fact amounts to over $3000) the suit will have to be brought in one of the higher courts. Clients should advance $50 on account of costs. I should also have a fully itemized statement of the account."

In response to which the respondent sent a letter which, among other things, contained the following: " If you are of the opinion that the assets of the estate warrant the bringing of an action I will immediately take up with my clients the preparation of the account such as you desire and also request that they advance $50 on account of costs and disbursements."

After further correspondence, on October 4, 1923, the respondent wrote to the National Railway Time Service Company inclosing the correspondence with Mr. Pierce and concluding as follows: " The enclosed correspondence will advise you as to the exact state of matters at this time. It would seem from Mr. Pierce's letter that the only way to bring this matter to a head would be through litigation, and as the assets of the estate seem to be amply sufficient to pay all claims in full, it would, in view of the amount of your claim, be advisable to take this course.

" Won't you kindly favor me with itemized statement such as Mr. Pierce asks for, also your check for $50 to cover costs. I would thank you to give this matter your prompt attention so that we can get it under way."

Under date of October 8, 1923, the National Railway Time Service Company wrote to the respondent: " We are enclosing an itemized statement of the account, such as we have given you before, and our check for $50. We hope that some immediate action may be taken and that we will hear from you soon in this connection."

Thereafter several letters were written by Mr. Pierce to the respondent, which were not answered. On March seventeenth Mr. Pierce wrote to him as follows: " Notwithstanding that when I called you upon the telephone the early part of last week, you said that client had decided to enter suit and that the papers would be sent to me at once in order that action might be instituted, I have had no word in writing from you. I am reluctantly forced to the conclusion that you are not giving the matter the attention it should have. Our time to commence suit will expire this week.

" In view of the very serious situation which confronts clients, and your apparent indisposition to take the necessary steps to protect client's interest, I wrote client direct under date the 13th inst., explaining the situation at length. To-day I am in receipt of their wire to the effect that as long ago as last October, client sent you check for $50 for advance costs in this matter. They

asked me whether I received such check, and I have wired in reply that I have never received one cent in the matter.

"Now the situation is a very serious one. I have heretofore sought to impress this fact upon you. You have ignored my recent letters — for what reason I do not know. But I do know this, sir, that I am not going to take the responsibility for your neglect or failure to act, whatever the impelling motive may be."

And on March 31, 1924, Mr. Pierce wrote to the respondent: " On behalf of my client, National Railway Time Service Company, I hereby demand of you payment to me of the sum of $50 which was advanced to you by client last October to cover costs of proposed suit against C. A. Cummings' estate. This money was never disbursed by you for the purpose for which it was intended, nor did you give proper attention to the matter of the proposed suit. Indeed, had I not, after writing many unanswered letters to you concerning the matter, communicated with client direct, client's time to bring suit on the Cummings claim would have expired."

It seems that Mr. Pierce himself brought the suit and obtained a substantial recovery. The respondent's explanation is that during the period covered he was overwhelmed in a large amount of important legal business. He also says he was greatly incensed and aggravated because firstly Mr. Pierce's employment was by respondent; and that if Pierce felt he had a claim against his client as an attorney, the same, nevertheless, should have been taken up with respondent. He further says the resentment on respondent's part toward Pierce was further accentuated by reason of the fact that had respondent not taken the matter of this claim up with him, he never would have known of it, and thus been placed in a position to himself derive benefit financially by reason thereof.

We have no idea that the respondent was actuated by improper motives or that there was an intentional conversion of the fifty dollars sent to him by his client to meet the preliminary costs of the action to be brought in New Jersey; but his neglect and his personal irritation at being prodded and his absorption in other business has resulted in a charge, which is admitted, that he received his client's money for a specific purpose and did not expend it for that purpose. Evidence is placed before us of his good character and his professional attainments. His attitude was unfortunate, his delay inexcusable and his irritation unwarranted. While we think he made a serious mistake, we are of the opinion that a censure, which is hereby administered, will be sufficient punishment.

DOWLING, MERRELL, MCAVOY and BURR, JJ., concur.

Respondent censured. Settle order on notice.